UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-0548 SB (PVC)                               Date:  July 29, 2021

Title   Joshua M. Jackson v. John McMahon, et al.

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Christianna Howard for Marlene Ramirez | None |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|:---:|:---:|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT PLAINTIFF'S CLAIMS AGAINST JOHN DOE #1 BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

Plaintiff, a California state prisoner proceeding *pro se* and *in forma pauperis*, alleges in this § 1983 civil rights action that he was sexually assaulted by another inmate while he was a pre-trial detainee in the custody of the San Bernardino County Sheriff's Department ("SBSD").  (Dkt. No. 11).  The operative Second Amended Complaint sues SBSD Sheriff John McMahon in both his individual and official capacities, and SBSD Deputy John Doe #1.  (*Id.* at 3).

Plaintiff alleges that John Doe #1 is liable because he had notice that Plaintiff's assailant had previously attempted to rape him, but failed to follow up to protect Plaintiff. As a result, Plaintiff was temporarily re-housed with the assailant, who took advantage of the opportunity to complete the sexual assault.  (*Id.*).  Plaintiff alleges that Sheriff McMahon is liable because he failed to ensure "proper training" of John Doe #1 on inmate safety.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-0548 SB (PVC)                                     Date:  July 29, 2021

Title       Joshua M. Jackson v. John McMahon, et al.

      Although the Court authorized early discovery to permit Plaintiff to learn John Doe #1's name, (Dkt. No. 9), the SBSD claims that it was unable to determine John Doe #1's identity based on the information that Plaintiff supplied in his early discovery request.  (*See* Declaration of Sgt. Jeremy Dean, Dkt. No. 45-1 at 2).  Accordingly, John Doe #1 remained unidentified in the Second Amended Complaint and is still unknown.  On September 27, 2019, the Court ordered the United States Marshal Service to serve the Second Amended Complaint on Sheriff McMahon in his individual and official capacities.  (Dkt. No. 14).  Because John Doe #1 was never identified, he could not be served and has not appeared.  It does not appear that Plaintiff made any further attempts to identify John Doe #1 after the Scheduling Order issued and discovery formally opened.

      Federal Rule of Civil Procedure 4(m) sets a deadline by which a defendant must be served.  It provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(m) is intended to encourage "the prompt movement of civil actions in federal court."  *Matlock v. Hawkes*, 874 F. Supp. 219, 221 (N.D. Ill. 1995); s*ee also Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998) ("'The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: *e.g.*, loss of evidence, dimming of witnesses' memories, financial commitments based on not being sued, etc.'") (quoting Schwarzer, Tashima, & Wagstaffe, California Practice Guide: Federal Civil Procedure Trial, § 5:261 (1997 rev.)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-0548 SB (PVC)                           Date: July 29, 2021

Title   Joshua M. Jackson v. John McMahon, et al.

    A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely upon the United States Marshal Service ("USMS") to effect proper service. *See Pruett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). In such cases, it is generally accepted that the 90-day period for service of process commences on the date the court authorizes the USMS to effect service on the plaintiff's behalf. *See Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010) (Rule 4(m) limitation period is triggered by "the court's authorization of service of process" of a complaint by a plaintiff proceeding *in forma pauperis*); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996) (holding that Rule 4(m)'s service period for *in forma pauperis* plaintiffs is tolled until the court authorizes service of amended complaint); *Goni v. Halloran*, 2008 WL 5111262, at *1 (S.D. Fla. Dec. 3, 2008) ("A suit filed by an individual who is proceeding *in forma pauperis* or a suit brought [by] a prisoner seeking redress against a government actor is not commenced upon filing of the complaint, but rather only after the district court satisfies itself that the plaintiff is indigent and that the claim is not frivolous."); *accord Purnell v. Hunt*, 2021 WL 2227879, at *2 (E.D. Cal. June 2, 2021); *Taylor v. San Bernardino Cnty. Sheriff*, 2010 WL 5563843, at *1 n.1 (C.D. Cal. Aug. 27, 2010), report and recommendation adopted, 2010 WL 5564049 (C.D. Cal. Dec. 31, 2010).

    However, the right to service of process by the USMS is contingent upon the plaintiff providing the USMS with the information necessary to identify and serve the defendant. *Rosenblum v. Salcedo*, 2012 WL 5062757, at *1 (C.D. Cal. Aug. 22, 2012), report and recommendation adopted, 2012 WL 5076307 (C.D. Cal. Oct. 18, 2012) ("[I]t is the plaintiff's responsibility to provide the Marshal[] Service with information necessary to identify each defendant to be served."); *McInerney v. City & Cnty. of San Francisco*, 466 F. App'x 571, 572 (9th Cir. 2012) ("It was [plaintiff's] responsibility to provide the marshal with information sufficient to identify the defendants."). Where a complaint cannot be served because of plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate. *Id*. (plaintiff's unexplained failure to "provide the marshal with information sufficient to identify the defendants" warranted dismissal of claims against unserved defendants).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-0548 SB (PVC)                                         Date:  July 29, 2021

Title   Joshua M. Jackson v. John McMahon, et al.

The 90-day service deadline under Rule 4(m) applies to Doe Defendants.  *Smith v. City of Santa Barbara*, 2019 WL 7039626, at *2 (C.D. Cal. Nov. 26, 2019), report and recommendation adopted, 2019 WL 7037772 (C.D. Cal. Dec. 18, 2019); *see also Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (90-day deadline under Rule 4(m) applies to service on Doe Defendants, but may be extended on a showing of good cause); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (affirming dismissal of action against Doe Defendants for failure to effect timely service under Rule 4(m)); *Tabi v. Doe*, 2019 WL 5107102, at *6 (C.D. Cal. June 13, 2019), report and recommendation adopted sub nom. *Tabi v. Doe No. 1*, 2019 WL 4013444 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

Here, the Court authorized service of the Second Amended Complaint on September 27, 2019.  Accordingly, the 90-day deadline for service of process under Rule 4(m) expired on December 26, 2019.  Plaintiff did not provide the USMS with sufficient information to identify and serve John Doe #1 by the deadline, and still has not done so, more than a year and a half after the expiration that deadline.  When Plaintiff learned that the SBSD was unable to identify John Doe #1 based on the information he had provided, he apparently made no further effort to try to identify John Doe #1 through other means.  More than four years have now passed since the rape at issue in this action occurred.  As such, the dual purposes of Rule 4(m) -- to encourage prompt movement of civil actions and to provide timely notice to defendants of plaintiff's claims -- do not appear to have been served.  *Yates v. LeBlanc*, 2012 WL 6694066, at *1 (M.D. La. Dec. 21, 2012) ("Although an inmate plaintiff is entitled to rely upon service by the United States Marshal, 'a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge.'") (quoting *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-0548 SB (PVC)                              Date:  July 29, 2021

Title         Joshua M. Jackson v. John McMahon, et al.

     Accordingly, Plaintiff is ORDERED TO SHOW CAUSE within **fourteen (14) days of the date of this Order** why the Magistrate Judge should not recommend that Plaintiff's claims against John Doe #1 be dismissed for failure to effect service of the Second Amended Complaint within the period prescribed by Rule 4(m).  Plaintiff may satisfy this Order by filing a declaration explaining under oath why he has been unable to provide the United States Marshal Service with John Doe #1's name and contact information.  Any declaration must thoroughly describe Plaintiff's efforts, through traditional discovery or other means, and specifically including any efforts after the discovery period formally opened, to obtain the information needed to effect service on John Doe #1.

     Plaintiff is explicitly cautioned that the failure to respond to this Order by the Court's deadline will result in a recommendation that the claims against John Doe #1 be dismissed without prejudice pursuant to Rule 4(m).  If Plaintiff no longer wishes to pursue his claims against John Doe #1, he may request a voluntary dismissal of those claims.  **A Notice of Dismissal form is attached for Plaintiff's convenience.**

     IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | ch for mr |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s). | CASE NUMBER<br><br>NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c) |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____                             _____
*Date*                                      *Signature of Attorney/Party*

*NOTE:* **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**