# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA M. JACKSON,<br><br>          Plaintiff,<br><br>   v.<br><br>JOHN McMAHON, et al.,<br><br>          Defendants. | Case No. EDCV 19-0548 SB (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, Defendants' Motion for Summary Judgment, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Plaintiff's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Plaintiff argues at length in his Objections that the Magistrate Judge's earlier Report and Recommendation recommending that Defendants' unopposed Motion to Dismiss the Second Amended Complaint be denied somehow "contradicts" the recommendation in the instant Report and Recommendation that Defendants' Motion for Summary Judgment be granted. (Obj. at 1-3; *see also id.*, Exh. A, at 5-19 (continuous

pagination)).  Plaintiff is mistaken.  A motion to dismiss merely tests the sufficiency of a pleading's allegations.  To survive a motion to dismiss, a plaintiff need only show that he has adequately alleged the elements of a cause of action.  Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*).  The denial of a motion to dismiss is not a finding of fact that the allegations in the complaint are true; it simply allows the case to proceed to discovery so that the parties can gather evidence to prove or disprove the facts alleged in the complaint.

In contrast, as the Magistrate Judge's Report explained, a motion for summary judgment goes beyond the pleadings and tests whether, based on *evidence* submitted by the parties, there is a genuine issue of material fact that requires a trial to resolve.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no "contradiction" between a finding that a plaintiff has adequately stated a claim under Rule 12(b)(6) and a finding that the same plaintiff has failed to create a triable issue of fact under Rule 56(a) based on the plaintiff's lack of evidence.

Plaintiff also contends that the Magistrate Judge incorrectly stated in the Report and Recommendation that Plaintiff had not responded to the Court's Order to Show Cause Why the Magistrate Judge Should Not Recommend that Plaintiff's Claims Against John Doe #1 Be Dismissed for Failure to Comply with Federal Rule of Civil Procedure 4(m).  (Obj. at 1-2; *see also* OSC, Dkt. No. 52).  Plaintiff attaches to the Objections a declaration that he maintains proves that he filed a response to the OSC.  (Obj., Exh. B, at 20-25).  However, the proof of service attached to the OSC reveals that Plaintiff only served the OSC response on Defendants' counsel; he did not file a copy with the Court.  Prior to the filing of the instant Objections, the Court never received a copy of the declaration or had any way of knowing that Plaintiff had prepared a response.

Even if Plaintiff's declaration had been properly filed, it would not have changed the outcome in this case. Plaintiff states that he took advantage of the early discovery authorized by the Magistrate Judge to propound a request for the identity of John Doe #1. (*Id*. at 22). The Report and Recommendation acknowledges Plaintiff's early effort, and even transcribes his discovery request in full. (R&R at 19-20). The Report also notes that it does not appear that Plaintiff took any further steps after Defendants informed him that the information he provided was insufficient for them to identify John Doe #1. (*Id*. at 23). Plaintiff states in his Objections that he sought help "with this case" from other inmates, but his efforts were impeded by the "disarray" caused by the COVID-19 pandemic. (Obj., Exh. B at 22). Plaintiff does not, however, describe any steps he took, with or without the assistance of other inmates, to identify John Doe #1 after learning that Defendants were unable to provide a name based on the information provided. Instead, Plaintiff merely states that "[o]nce [he] realized that the court held the defendant Sheriff John McMahon responsible for improper training of its deputies . . . plaintiff was partially relieved that something is being done to hold his assailant accountable for violently raping plaintiff." (*Id.*) (ellipses in original). To the extent that Plaintiff is admitting that he abandoned any further attempt to learn John Doe #1's name because he believed the Court's denial of Defendants' Motion to Dismiss was tantamount to a finding of liability, he in fact undermines any argument that John Doe #1 should not be dismissed under Rule 4(m).

Finally, Plaintiff states that despite the Magistrate Judge's referral of his case to the Court's Civil Rights Panel with a Request for Appointment of Counsel, he never received the engagement letter that *pro bono* counsel purported to have sent him. (*Id*. at 3). Plaintiff does not attach a copy of his legal mail log to the Objections, and even if he had, it would not create a triable issue of fact to preclude summary judgment. There is no constitutional right to appointed counsel in a civil action, including a civil rights action under section 1983. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Plaintiff was repeatedly

reminded that the referral of a request for appointment of counsel was not a guarantee that counsel would be secured, and that it was his responsibility to continue litigating his case *pro se* unless and until counsel is appointed. (*See*, *e.g.*, Dkt. No. 42 at 3; Dkt. No. 44 at 2).

Plaintiff's renewed request in the Objections for an evidentiary hearing is DENIED for the reasons stated in the Report and Recommendation. (Obj. at 4; R&R at 15-16).

IT IS ORDERED that:

1. The Motion for Summary Judgment filed by Defendant Sheriff John McMahon in his individual and official capacities is GRANTED.

2. The claims against Defendant John Doe #1 are DISMISSED for failure to comply with Federal Rule of Civil Procedure 4(m).

3. Judgment shall be entered dismissing this action with prejudice as to Sheriff John McMahon and the County of San Bernardino and without prejudice as to John Doe #1.

The Clerk shall serve copies of this Order and the Judgment herein on Plaintiff at his address of record and on counsel for Defendants. IT IS SO ORDERED.

Dated: September 22, 2021

Stanley Blumenfeld, Jr.
United States District Judge